UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICARDO RAMIREZ-RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 16-CV-02690-LHK<br><br>**ORDER DISMISSING SECOND § 2255 MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE**<br><br>Re: Dkt. No. 1 |

On May 18, 2016, Petitioner Ricardo Ramirez-Ramirez ("Petitioner"), proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255, which argues that his sentence should be recalculated in light of the California Superior Court's December 2, 2015 decision to reduce Petitioner's prior felony conviction to a misdemeanor. ECF No. 1 ("Petition") at 2.

This is the second § 2255 motion that Petitioner has filed. On July 17, 2013, Petitioner was sentenced to 47 months of imprisonment. On September 26, 2014, Petitioner filed his first § 2255 motion, which contended that the Court erred "by failing to consider and explain why a term of supervision [sic] release was warranted in light of U.S.S.G. § 5D1.1." *United States of America v. Ramirez-Ramirez*, No. 10-CR-0897, ECF No. 36 at 2. After receiving briefing from the parties, the Court denied this motion with prejudice on April 6, 2015. *United States of America v.*

*Ramirez-Ramirez*, No. 10-CR-0897, ECF No. 49 ("First Habeas Order").

The Ninth Circuit has held that "[a] habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *Id.*

In denying Petitioner's first habeas petition, the Court noted that Petitioner accepted a plea agreement which included a provision stating that "I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea." First Habeas Order at 2. As the Court further observed, "[a] defendant may expressly waive the statutory right to bring a Section 2255 motion challenging [his] conviction or sentence." *Id.* at 7. "Two claims that cannot be waived, however, are that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary." *Id.* Petitioner's first habeas petition, however, did not assert ineffective assistance of counsel and did not challenge the voluntariness of his plea waiver. Thus, Petitioner had, pursuant to his plea waiver, "knowingly and voluntarily waived the right to collaterally attack his sentence." *Id.* at 8.

The instant Petition also does not assert ineffective assistance of counsel and does not challenge the voluntariness of Petitioner's plea waiver. Instead, the crux of the instant Petition is that the Court should recalculate Petitioner's sentence in light of the California Superior Court's decision to reduce Petitioner's prior felony conviction to a misdemeanor. The instant Petition therefore raises a type of claim that was already considered and rejected on the merits by this Court, and the instant Petition thus constitutes a second or successive habeas petition. *See McNabb*, 576 F.3d at 1029 (finding habeas petition to be second or successive because, as in first habeas petition, second petition presented claims that were untimely).

On second or successive habeas petitions, the Antiterrorism and Effective Death Penalty

Act ("AEDPA") provides that:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In interpreting this AEDPA provision, the U.S. Supreme Court has held that district courts are "without jurisdiction to entertain" petitions where the petitioner neither seeks nor receives prior authorization from the appropriate court of appeals to file the second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Petitioner has not sought, and the Ninth Circuit has not issued, a certificate authorizing Petitioner to file a successive § 2255 motion. Accordingly, the Court DISMISSES the Petition. In addition, no certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 20, 2016

_____
LUCY H. KOH
United States District Judge